The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: April 19 2018

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Case No. 17-32181** |
| | ) | |
| Micah Thomas Shoup and | ) | **Chapter 7** |
| Mary Kay Shoup | ) | |
| | ) | |
| **Debtors.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER DENYING STAY PENDING APPEAL

This case comes before the court on the Debtors' Motion to Stay Proceedings Pending Appeal. [Doc. #40]. The grounds for the Motion are stated as:

"The Trustee is not adversely affected by staying this matter for Debtor's Appeal to be heard by the Sixth Circuit. In the event the stay is not granted, the Order being appealed requires the Debtors to convert within thirty (30) days or Debtor's case will be dismissed. Therefore, the Debtor's rights would be adversely affected if the Stay is not granted." [Doc. #40, p. 1].

The case law on stays pending appeal reflects that the court needs more than these allegations to grant Debtors' Motion.

A request for a stay pending appeal under Rule 8005 is an extraordinary remedy. *In re Pertuset*, 2012 WL 7991693 at *2, 2012 Bankr. LEXIS 2160 at *4 (Bankr. S.D. Ohio May 15, 2012); *In re Greene*, 2012 WL 279434 at *2, 2012 Bankr. LEXIS 421 at *4 (Bankr. W.D. Tenn.

1

Jan. 31, 2012); *In re Black Diamond Mining Co., LLC v. Sergent*, 2011 WL 4433624 at *4, 2011 Bankr. LEXIS 3645 at *14–15 (Bankr. E.D. Ky. Sept. 21, 2011); *In re F.G. Metals, Inc.*, 390 B.R. 467, 471 (Bankr. M.D. Fla. 2008). The party seeking the stay bears the burden of proving by a preponderance of the evidence that it is entitled to the stay. *In re Smith*, 501 B.R. 332, 336 (Bankr. E.D. Mich. 2013); *In re Player Wire Wheels, Ltd.*, 428 B.R. 767, 771 (Bankr. N.D. Ohio 2010); *Sicherman v. Ohio Rehab. Servs. Comm'n (In re Dial Indus., Inc.)*, 137 B.R. 247, 249 (Bankr. N.D. Ohio 1992).

In determining whether to grant a stay of an order pending appeal under Rule 8005, courts customarily consider the same four factors used to evaluate a request for a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)(criteria under Rule 8(a) of the Federal Rules of Appellate Procedure); *In re Wade*, 500 B.R. 896, 906 (Bankr. W.D. Tenn. 2013); *In re Pertuset*, 2012 WL 7991693 at *2, 2012 Bankr. LEXIS 2160 at *3 (Bankr. S.D. Ohio May 15, 2012); *see also*, *Hilton v. Braunskill*, 481 U.S. 770, 776-777, 107 S.Ct. 2113, 2118-2119, 95 L.Ed.2d 724 (1987)(factors for granting stay of release of prevailing habeas petitioner). "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Griepentrog*, 945 F.2d at 153.

In *Griepentrog*, the Sixth Circuit Court of Appeals stated:

> In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.
>
> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is

2

still required to show, at a minimum, "serious questions going to the merits."

*Griepentrog*, 945 F.2d at 153-154 (internal citations omitted).

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Griepentrog*, 945 F.2d at 154 (making the same point, but setting movants' minimum required showing as a "serious question going to the merits"). Bankruptcy courts have applied the same rule. *See*, *In re Smith*, 501 B.R. 332, 336-337 (Bankr. E.D. Mich. 2013) ("Defendant has not made such a showing, so the Stay Motion must be denied for this reason alone."); *In re Greene*, 2012 WL 279434 at *3, 2012 Bankr. LEXIS 421 at *9 (Bankr. W.D. Tenn. Jan. 31, 2012)("the Bank has not addressed the likelihood of success prong, and failure to do so is fatal to its request for a stay pending appeal."); *In re Pertuset*, 2012 WL 7991693 at *6, 2012 Bankr. LEXIS 2160 at *17 (Bankr. S.D. Ohio May 15, 2012)("Although there may be an irreparable harm to the Debtors by not granting the stay, the Debtors have not shown that there are serious questions going to the merits on appeal.").

While courts are well aware of the inherent conflict of a rendering court determining the probability that its own judgment will or will not be reversed on appeal, that is not the issue here. The failure of the Motion to even allege what the "serious question going to the merits" is, prevents this court from granting a stay pending appeal. Moreover, even if it were proper for the court to take judicial notice of the assignments of error filed in the appellate case – to date nothing other than a notice of appeal has been filed by the Debtors.

Accordingly, based upon all of the foregoing reasons and authorities,

**IT IS ORDERED** that the Debtors' Motion to Stay Proceedings Pending Appeal [Doc. #40] be **DENIED** without prejudice to the Debtors filing a subsequent Motion that more fully addresses the legal requirements for a stay pending appeal.